# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## STATE OF TENNESSEE v. JERRY WAYNE PATTERSON

### Direct Appeal from the Circuit Court for Henry County
### No. 13581     Julian P. Guinn, Judge

---

### No. W2004-00397-CCA-R3-CD  - Filed July 6, 2005

---

DAVID G. HAYES, Judge, separate concurring.

The majority concludes that the defendant's statement to Sheriff's Investigator Lowe was voluntarily given.  For the reasons expressed below, I am unable to join in this conclusion.

As the opinion recites, this issue was the subject of a suppression hearing.  At the hearing, defense counsel informed the trial court that at the preliminary hearing, a plea agreement with the prosecutor was reached regarding disposition of the pending charge against the defendant.  Defense counsel stated that the agreement provided for the defendant to plead guilty following indictment to attempted second degree murder, as a Range I offender, and that his bond would be reduced in order to permit release pending indictment.  Additionally, the defendant would be required to provide to Sheriff's Investigator Lowe a sworn statement detailing his involvement in the attempted homicide. Defense counsel stated that he explained to the defendant that the statement could only  be used against him if "something happened" to the co-defendant, *i.e.*, that the co-defendant became unavailable.  The record reflects that the prosecutor was concerned that if something happened to the co-defendant, the State would have no case.  Defense counsel stated that after he explained these terms to the defendant, the defendant provided a detailed sworn statement of his involvement in the crime to the Investigator.

The prosecutor's version of the agreement differed.  The prosecutor advised the court that the agreement provided:

> If [the defendant] got bond relief and then went out and whacked our material witness [the co-defendant], we had a statement.  If we went to trial, the Court, having rejected the proposed settlement, we could not use the statement.  In the other case, *i.e.*, [the defendant] backing out of the proposal[1] and, excuse me Judge, trying to jack us around, then we had the statement, and that's where we are, Judge.

---

[1] The prosecutor explained that the State had experienced considerable difficulty in other criminal prosecutions involving the defendant.

Defense counsel advised the trial court that the defendant was never informed prior to the suppression hearing that the statement could be used against him under the terms expressed by the prosecutor. The record establishes that the defendant was subsequently indicted for attempted second degree murder and that, following indictment, he rejected the proposed plea agreement. As a result, the defendant was reindicted and proceeded to trial on attempted first degree murder. The defendant's detailed confession to Investigator Lowe served as the centerpiece of the State's evidence against the defendant, resulting in a conviction and a forty-year sentence.

After hearing the motion to suppress, which was based solely upon the statements and argument of defense counsel and the prosecutor, the trial court ruled:

> . . . there's no doubt whatsoever that . . . the statement was freely and voluntarily given and that it was given primarily to obtain some favorable conditions for making an appearance bond at the General Sessions level. I'm of the opinion that confessions are readily admissible unless there's some constitutional reason to strike them. I don't see any in this particular case. I'm going to let the confession in.

The issue, however, is not whether the defendant obtained consideration in exchange for the giving of the statement. Nor is the issue resolved by what the prosecutor and defense counsel thought the terms of the agreement were. Rather, the dispositive issue is whether the defendant, at the time the statement was given, was advised by defense counsel that the statement could only be used against him if the co-defendant was not available for trial.

Resolution of the issue presented is factually driven. In this case, our review is frustrated by the lack of any findings by the trial court upon the central issue of whether the defendant's statement was the product of misinformed advice and, thus, involuntarily obtained. As such, I am unable to conclude that the defendant's statement was voluntary. This court does not possess fact-finding authority; our jurisdiction is appellate only. Tenn. Code Ann. § 16-5-108 (2003). In sum, an appellate court is not permitted to access credibility or reconstruct the factual determinations. The situation presented, in large part, has been occasioned by defense counsel's awkward attempt to develop the voluntariness issue at the suppression hearing. Moreover, the better position would have been to remand for resolution of this issue in the direct appeal of the conviction, as it may require revisitation at a future date.

Nonetheless, the testimony at trial of the co-defendant Barrett established that he was present when the defendant fired a pistol into the bedroom window striking the victim. Although I am unable to conclude that the defendant's statement was voluntary, I find the proof, absent the confession, sufficient to support the conviction.

_____
DAVID G. HAYES, JUDGE

-2-